**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL BOONE** | § | |
| **#00915679** | § | |
| | § | |
| **V.** | § | **A-20-CV-1116-RP** |
| | § | |
| **TEXAS COURT OF CRIMINAL** | § | |
| **APPEALS and CHIEF JUSTICE** | § | |
| **SHARON KELLER** | § | |

## ORDER

Before the Court is Plaintiff Michael Boone's civil-rights complaint.  Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.   After consideration of Plaintiff's complaint, it is dismissed.

### STATEMENT OF THE CASE

Plaintiff filed a civil-rights complaint pursuant to 42 U.S.C. § 1983 against the Texas Court of Criminal Appeals and Chief Justice Sharon Keller.  Plaintiff alleges the defendants failed to provide a fair procedure for the litigation of his state application for habeas corpus relief.  Plaintiff explains he filed a state habeas corpus application on May 27, 2020, citing unlawful incarceration and the failure to timely review him for parole.  The Texas Court of Criminal Appeals dismissed his state application as successive.

Plaintiff contends his continued incarceration violates double jeopardy and he should have been reviewed for parole after serving one half of his 40-year sentence.  Plaintiff complains the Texas Court of Appeals dismissed his application as successive instead of considering it on the merits.  Plaintiff argues the failure to consider his state application on the merits subjects him to cruel and unusual punishment.  He further argues the Court of Criminal Appeals violated his right

to due process and denied him access to court.  Plaintiff seeks declaratory relief.  Specifically, Plaintiff requests the Court to declare that his state habeas corpus application is not successive, his incarceration is unlawful, and the State failed to provide him with a fair procedure for litigation of his constitutional claims.  Plaintiff further requests the Court to order the Court of Criminal Appeals to review Plaintiff's state application for habeas corpus relief and apply federal constitutional law and Supreme Court precedent to his claims.

## DISCUSSION AND ANALYSIS

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff's complaint is construed as an application for writ of mandamus because Plaintiff is merely seeking to have the federal court direct the state court to perform its duties as he wishes.  Although the writ of mandamus was abolished by FED. R. CIV. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law.  28 U.S.C. § 1651.  But a federal court lacks the general power to issue writs of

mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.  *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *Lamar v. 118th Judicial Dist. Court of Tex.*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970).  Accordingly, to the extent Plaintiff requests mandamus relief, his request is dismissed as frivolous.  *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties); *Rhodes v. Keller*, 77 Fed. App'x 261 (5th Cir. 2003) (affirming dismissal as frivolous of § 1983 complaint, construed as a petition for mandamus relief, because plaintiff was merely seeking to have federal court direct state court to perform its duties as he wished).

To the extent Plaintiff requests the Court to order that his incarceration is unlawful his request is not proper in a civil-rights complaint.  The exclusive remedy for a prisoner who challenges the fact or duration of his confinement is habeas corpus relief.  *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

It is therefore **ORDERED** that Plaintiff's claims seeking mandamus relief are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).  Plaintiff's claims seeking habeas corpus relief are **DISMISSED WITHOUT PREJUDICE** to filing in a federal application for habeas corpus relief.

It is further **ORDERED** that Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

3

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and judgment to the keeper of the three-strikes list.

**SIGNED** on November 12, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE